ARMAND MENAQUALE, PLAINTIFF-RESPONDENT, v. AN-
TONIA DI PAOLO, DEFENDANT-APPELLANT.

Submitted December 8, 1922—Decided March 5, 1923.

**Contracts—For Erection of Building—Modification of Agree-
ment—Jury Questions—Excessive Damages.**

On defendant's rule to show cause why a verdict in favor
of the plaintiff should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the rule, *Albert S. Woodruff*.

*Contra, John H. Switzer* and *Howard L. Miller*.

PER CURIAM.

This is defendant's rule to show cause why plaintiff's ver-
dict for $5,000 should not be set aside.

The plaintiff and the defendant entered into a contract
whereby the plaintiff was to build a building for the defend-
ant. As that contract originally stood, the defendant reserved
to himself certain tile work, and in the contract the plaintiff
had to do the heating work. Subsequently, and before the
contract was actually signed, it was modified, whereby the
plaintiff undertook to do the tile work, and the defendant took
over the heating work.

This action is to recover two elements of compensation—
the first is for extras over and above the contract; the other
to recover upon a special contract said to have been made
after the contract was signed, based upon what plaintiff
claims was a misrepresentation by the defendant as to the cost
of this tile work, and an agreement between them at that time
that he should go ahead and that the defendant would pay the
difference. And as to this special contract the plaintiff's

claim was this: It seems that when this change was made, the plaintiff claims that the defendant had before him an estimate of the Philadelphia Tile Company, and that he told the plaintiff—this is the plaintiff's story—that he had this estimate, and it was $802, and then that he showed him figures indicating $802, and that, he says, was all he saw; that on the strength of that he took the contract, and he proceeded to get his tile, and when he went to the tile people, they told him that $2,488 was the price that they had estimated; that he then went back to the defendant and told him of the very marked difference in the price of the estimate and the figure which he claimed the defendant had given him as the amount of the estimate, and that the defendant then, recognizing that he had misled the plaintiff, agreed to abandon that part so far as the obligation went, and agreed that he would pay the difference. Now, that is denied absolutely by the defendant.

We have no doubt, however, that under the evidence there was a fair jury question presented respecting plaintiff's right to recover upon this so-called special contract, but the recovery on this phase of the case was necessarily limited by the proofs to a sum not exceeding $1,759.

It remains to consider the claim for extras. Without going into the evidence or figures in detail, it is sufficient to say that upon no reasonable view of the evidence can a verdict for extras be sustained for more than $1,330.75.

Since upon no reasonable view of the evidence could a verdict in excess of $3,089.75 be reached, it follows that the verdict of $5,000 is without evidence to justify it and is excessive.

The rule will be made absolute.